UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    v.

SANDY J. MASSELLI, JR.,
CARLYLE GAMING & ENTERTAINMENT LTD.,
CARLYLE ENTERTAINMENT LTD.,
INTERCAPITAL PARTNERS LTD.
(a/k/a INTERCAPITAL PARTNERS LTD.
LIABILITY COMPANY and
INTERCAPITAL PARTNERS, LLC),
INTERCAPITAL MANAGEMENT LTD., and
APPNOSTIQ INTERACTIVE LTD.,

                Defendants.

18cv13269(BRM)

## FINAL JUDGMENT

The Court having reviewed the motion by plaintiff Securities and Exchange Commission ("Commission") for a default judgment against defendants Sandy J. Masselli, Jr. ("Masselli"), Carlyle Gaming & Entertainment Ltd. ("Carlyle Gaming"), Carlyle Entertainment Ltd. ("Carlyle Entertainment"), Intercapital Partners Ltd. (a/k/a Intercapital Partners Ltd. Liability Company and Intercapital Partners LLC) ("Intercapital Partners"), Intercapital Management Ltd. ("Intercapital Management"), and Appnostiq Interactive Ltd. ("Appnostiq"), including the Commission's memorandum of law in support of the motion, the Declaration of Chevon Walker dated April 15, 2019

(as amended on April 24, 2019), and the exhibits annexed thereto, the docket entries and all submissions in this action, and based on the findings of the Court, and for good cause shown:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)  to employ any device, scheme, or artifice to defraud;

    (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

(a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in clause (a) of this sentence.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

3

notice of this Final Judgment by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in clause (a) of this sentence.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Masselli is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Masselli is permanently barred, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants are jointly and severally liable for disgorgement of $199,990, representing the ill-gotten gains received as a result of the violations alleged in the Complaint, together with prejudgment interest thereon in the amount of $30,313.18. Defendants shall satisfy this obligation by paying $230,303.18 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

5

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Masselli shall pay a civil monetary penalty in the amount of $320,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

6

78u(d)(3)]. Masselli shall satisfy this obligation by paying $320,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Carlyle Gaming shall pay a civil monetary penalty in the amount of $200,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Carlyle Gaming shall satisfy this obligation by paying $200,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Carlyle Entertainment shall pay a civil monetary penalty in the amount of $200,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Carlyle Entertainment shall satisfy this obligation by paying $200,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Intercapital Partners shall pay a civil monetary penalty in the amount of $200,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Intercapital Partners shall satisfy this obligation by paying $200,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Intercapital Management shall pay a civil monetary penalty

in the amount of $200,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Intercapital Management shall satisfy this obligation by paying $200,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Appnostiq shall pay a civil monetary penalty in the amount of $200,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Appnostiq shall satisfy this obligation by paying $200,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title,

8

civil action number, and name of this Court; the name of the defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

### VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are deemed true as to Masselli, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Masselli under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Masselli of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 10/8/2019

_____
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT COURT JUDGE